*Lyons* and *Andrews*, for the defendants.

---

## Harris Lyons v. William Flower.

Where a party to a suit is sworn as an ordinary witness at the instance of his opponent, he may state all the circumstances connected with the transaction, though not specially interrogated thereto. No interrogatories having been propounded to him as a party, he is bound to tell the whole truth.

Appeal from a judgment of the Commercial Court of New Orleans, *Watts*, J.

*Greiner*, for the appellant.

*Preston*, for the defendant.

Morphy, J. This suit is brought to recover $1075 of the defendant, as the security of one Dr. Desmont, for certain articles of furniture sold and delivered to the latter, in December, 1837. There was a judgment below against the plaintiff, from which he appealed.

The evidence shows that Lyons called upon t'e defendant. inquiring of him whether he knew one Dr. Desmont, who wished to purchase from him some furniture, and offered in payment a draft on the defendant. The latter answered that the Doctor had no funds in his hands; and asked for what amount he was going to purchase. Lyons said he supposed the bill would be about $500. The defendant then remarked that he did not like to refuse, and that if Lyons would give as long a time as he could, he would accept the Doctor's draft for that amount.

Desmont purchased for $1075. After the furniture was shipped, the bill for it, and a draft at four months, not signed by Desmont, were left at the defendant's counting house, in his absence. About three weeks after, Lyons called upon the defendant, who told him he would not accept the draft, as the time was too short, and the amount so much larger than he was told it would be ; but he told Lyons that Desmont was about selling some negroes to his nephew James Flower, and that, if the sale took place, as the funds would pass through his hands, he would stop a sufficient sum to pay this debt. Some time after, James Flower drew on the defendant a bill for $2000, in favor of Desmont, payable on the 15th of October, 1838, although the sale of the negroes was not yet completed. The Doctor left the draft in the hands of the defendant, for the purpose, he said, of meeting two debts he had in the city, one owing to Andrews & Brothers, and the other to the plaintiff. The debt of Andrews & Brothers was settled by a draft of Desmont on the defendant, which was accepted and paid; but Lyons refused to settle for his claim out of James Flower's draft, because the time was too long. The defendant urged him to make the same settlement as Andrews & Brothers, telling him that it was the only way he could settle the debt for Desmont ; but Lyons replied that Desmont had told him that he had good debts due to him by planters in Feliciana, and, that he would be able to get a discount and pay the debt. Lyons added, that he preferred waiting on Desmont, to taking an acceptance at such a long time. From this period, although Lyons frequently called on the defendant for his advice and assistance in getting the debt paid by Desmont, he never made any claim on the defendant for the debt until Desmont absconded some time after. Under these facts, which result principally from the testimony of the defendant himself, who was called upon in the court to be examined as a witness by the plaintiff, we think, with the judge below, that the defendant cannot be made liable. No regular draft was ever presented to him, and under the limited character of his promise he was not bound to accept one for the amount proposed

From the whole course of the plaintiff's conduct in the busi-

ness, it is clear that he thought of availing himself of defendant's original promise, only after his debtor had absconded. Had he presented a draft in conformity with the terms of this promise, the defendant would have benn bound to accept and pay it, and might have repaid himself out of the draft of James Flower, which afterwards came into his hands; but under the circumstances as presented by the record, the plaintiff has, in our opinion, no right to look to the defendant.

We do not think that the judge erred in permitting the defendant to state all the circumstances connected with the transaction, although not specially interrogated thereupon by the plaintiff. No interrogatories were propounded to him upon facts and articles, pursuant to the provisions of the Code of Practice. He was sworn as an ordinary witness, and was bound to tell the truth, the whole truth, and nothing but the truth, touching the matters in controversy between the parties.

*Judgment affirmed.*